UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| PAMELA SCOTT-GAGE | : | |
| Debtor | : | Bankruptcy No. 05-10069bf |

..............................................

MEMORANDUM

..............................................

Two motions are presently before me. First, the standing chapter 13 trustee, William C. Miller, Esq., has moved to dismiss this chapter 13 case, pursuant to 11 U.S.C. § 1307(c), due to the debtor's failure to tender all payments required by the terms of her confirmed chapter 13 plan. This motion to dismiss is supported by secured creditor JP Morgan Chase Bank—which creditor holds a first mortgage lien on the debtor's residence, located at 3 Linden Terrace, Philadelphia, Pennsylvania—but dismissal is opposed by the debtor. In addition (perhaps in response to the trustee's motion), the debtor has moved to modify her confirmed plan under section 1329. The debtor's motion to modify is challenged by JP Morgan Chase Bank and the trustee.

A consolidated evidentiary record was made and the following facts were either proven or are the proper subject of judicial notice.

I.

On January 3, 2005, the debtor filed a voluntary bankruptcy petition under chapter 13. This was her second effort at a bankruptcy reorganization, having

unsuccessfully sought chapter 13 relief in February 2001. Bankr. No. 01-11526. That earlier case was dismissed on July 23, 2002, upon motion of the trustee, due to the debtor's failure to tender plan payments.

The debtor's confirmation efforts in this second case were initially opposed by JP Morgan Chase Bank as well as the chapter 13 trustee. See Memorandum and Order dated July 7, 2006. On September 5, 2006, the debtor and JP Morgan Chase Bank entered into a stipulation wherein the creditor agreed to withdraw its opposition to confirmation. In return, the debtor promised to cure her post-bankruptcy mortgage delinquency, which was eight months at that time, by February 28, 2007, while also tendering timely all future regular mortgage payments. Ex. M-2.

This agreement apparently satisfied the trustee's concerns. As a result, without opposition, the debtor's proposed third amended chapter 13 plan was confirmed on September 8, 2006. This confirmed plan provided, inter alia, that the debtor would tender to the trustee $270 per month from December 2006 through December 2009. Ex. T-2. It also provided for tender of all regular mortgage payments to JP Morgan Chase Bank (identified as the mortgagee on her residence), while curing the pre-bankruptcy and post-bankruptcy mortgage delinquencies. Id.; see generally 11 U.S.C. § 1322(b)(5). Furthermore, the plan identified secured real estate tax claims held by the City of Philadelphia, but stated that these lien claims would be dealt with by the debtor directly and not be provided for by payments made to the trustee under the plan. Id.

According to the trustee's records, Ex. T-1, the debtor has fallen delinquent in her monthly plan payments of $270. As of February 12, 2008, she was $1,073 in arrears, id., or about four months overdue in payments. At the hearing, the debtor also

2

conceded that she had not tendered any tax payments to the City of Philadelphia. Nor was there evidence that she had entered into any payment agreement with the City.

Furthermore, the debtor has fallen delinquent in her postpetition mortgage payments to JP Morgan Chase Bank. She conceded that she is at least three months in arrears with such payments. The mortgagee asserted that she is delinquent about 10 months. Ex. M-3. The monthly payments are $492.59. Id. JP Morgan Chase Bank offered in evidence a document reflecting its records of mortgage payments received, id.; however, the debtor did not provide copies of her payment receipts, except for the January 2008 tendered payment. Ex. D-1.

The debtor is currently employed as a junior architectural designer by Dochora Industrial Enterprises. Ex. M-1. Her present monthly net pay is $1,750. Ex. M-1. Her monthly expenses are estimated to be $1,733.59. Id. The debtor suggested that her failure to tender all required payments stemmed from an ankle injury in early 2007, which injury reduced her employment income, but which has now healed. The debtor also testified that she is employed part-time at a day-care center operated by a friend, for which she is paid $100 per day. Although the debtor's amended Schedules I and J, filed on January 15, 2008, reported that she earns $300 per month from this part-time employment, Ex. M-1, she acknowledged that she only started this day-care assignment in January 2008, and has worked but one day in January and one day in February 2008.

Finally, the debtor's proposed "revised fourth amended chapter 13 plan," for which she presently seeks court approval, calls for her to tender monthly payments to the chapter 13 trustee in the amount of $306 beginning February 2008 and ending January

3

2010. Ex. D-2. In other respects, this proposed plan is similar to the confirmed third amended plan. Ex. T-2.

II.

The trustee's motion to dismiss is predicated upon 11 U.S.C. § 1307(c), which states in relevant part:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including–
>
> ***
> (6) material default by the debtor with respect to a term of a confirmed plan[.]

The chapter 13 trustee is a party in interest for purposes of section 1307(c)(6) (as is JP Morgan Chase Bank). See, e.g., In re Forte, 2007 WL 2028894, at *4 (Bankr. E.D. Pa. 2007); In re Slaughter, 191 B.R. 135, 144-45 (Bankr. W.D. Wis. 1995).

In these consolidated contested matters, the evidence is clear that the debtor has materially defaulted in three components of her confirmed plan: she has failed to tender monthly payments of $270 to the trustee; she has failed to tender monthly mortgage payments to JP Morgan Chase Bank; and she has failed to address her real estate tax delinquency with the City of Philadelphia—indeed, it appears that delinquency has increased since her plan was confirmed. Unpaid real estate tax liens are a legitimate concern to mortgagees, because these liens are a first priority under Pennsylvania law. See 53 P.S. § 7102; 2 Ladner on Conveyancing in Pennsylvania § 12.09(d) (4th ed. rev.

4

1979)). Accordingly, the trustee has met his evidentiary burden for dismissal relief under section 1307(c)(6).

The provisions of section 1307(c), with its use of the word "may," are discretionary. See In re Smith, 85 B.R. 729, 730-31 (E.D. Va. 1988); see generally In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996). Essentially, the debtor here, while conceding her failings under the confirmed plan, maintains that dismissal is unwarranted because she can cure those plan delinquencies through the plan modification process. And, in support thereof, she now seeks approval of a modified plan under section 1329. The proposed modified plan is designed to "roll[] the [confirmed] plan arrears into the [modified] plan and increase[] the monthly payments." In re Gallagher, 332 B.R. 277, 281 n.8 (Bankr. E.D. Pa. 2005).[1]

Section 1329 does permit confirmed chapter 13 plans to be modified after confirmation, albeit in limited circumstances. That statutory provision states:[2]

Modification of plan after confirmation

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--

---

[1] The proposed modified plan increases payments to the chapter 13 trustee. While the proposed plan does not expressly so state, it likely intends that these increased payments be tendered by the trustee to JP Morgan Chase Bank and thereby cure any postpetition as well as prepetition defaults. The debtor assumes, as will I arguendo, that if she can obtain confirmation of her modified plan, the confirmation process will trump any breach of her September 2006 settlement with the mortgagee insofar as termination of the stay is concerned.

[2] This bankruptcy case commenced in January 2005. Thus, the pre-BAPCPA provisions of section 1329 is germane. See In re White, 370 B.R. 713, 718 n.15 (Bankr. E.D. Mich. 2007); In re Turek, 346 B.R. 350, 355 n.6 (Bankr. M.D. Pa. 2006).

5

>    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
>    (2) extend or reduce the time for such payments;
>
>    (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.
>
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
>
>    (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.
>
> (c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

Courts are divided, in enforcing the binding nature of a confirmed plan under section 1327(a), whether there need be any unanticipated material change of circumstances to justify modification of a confirmed chapter 13 plan. Compare, e.g., In re Murphy, 474 F.3d 143, 149 (4th Cir. 2007) (substantial and unanticipated post-confirmation change of circumstances is necessary for section 1329 modification); In re Anderson, 21 F.3d 355, 358 (9th Cir. 1994) (same); with, e.g., Barbosa v. Soloman, 235 F.3d 31, 41 (1st Cir. 2000) (court "refrain[s] from adopting the substantial and unanticipated test for seeking a modification pursuant to § 1329"); Matter of Witkowski, 16 F.3d 739, 744 (7th Cir. 1994) ("The Code, in this instance § 1329, does not require any

6

threshold requirement for a modification[.]"). I need not decide that issue under section 1329(a).[3]

Section 1329(b) incorporates the provisions of section 1325(a) into the post-confirmation modification process. Thus, inter alia, a proposed modified plan must meet the feasibility requirement of 11 U.S.C. § 1325(a)(6) before it may be approved. See In re Zavala, 366 B.R. 643, 654 (Bankr. W.D. Tex. 2007); In re Binder, 224 B.R. 483, 488-89 (Bankr. D. Colo. 1998).

Section 1325(a)(6) requires that visionary or speculative chapter 13 plans not be approved. The feasibility requirement has been analyzed in the following terms:

> To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6). . . . The debtor carries the initial burden of showing that the plan is feasible. . . . Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan.

In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citations omitted); see In re Scott, 188 F.3d 509 (table), 1999 WL 644380, at *1 (6th Cir. 1999); In re Harris, 199 B.R. 434, 436 (Bankr. D.N.H. 1996) (feasibility requires that the proposed chapter 13 plan have a likelihood of success).[4]

---

[3]In In re Smith, Bankr. No. 04-33231, slip op. at 9 n.7 (Feb. 1, 2008, Bankr. E.D. Pa.), I noted a possible middle position between these two interpretations of section 1329(a).

[4]A similar feasibility provision is found in chapter 11 cases at 11 U.S.C. § 1129(a)(11). Courts have noted that the purpose of the chapter 11 feasibility requirement is to prevent confirmation of "visionary schemes." See Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985); 7 Collier on Bankruptcy, ¶ 1129.03[11] (15th ed. rev. 2007). While feasibility does not require that compliance with plan terms be guaranteed, there must be a "reasonable prospect of success" and the plan must be "workable." Id., at 1129-74 to 74.1.

7

Typically, a chapter 13 debtor meets her burden of demonstrating the viability of a chapter 13 plan based upon future income by showing a stable employment history, present employment, and a current income level sufficient to make proposed plan payments. See, e.g., In re Nottingham, 228 B.R. 316, 321 (Bankr. M.D. Fla. 1998). A few courts, however, have found a chapter 13 plan feasible when the debtor is presently unemployed but has demonstrated a sufficient likelihood of re-employment. See, e.g., In re Compton, 88 B.R. 166, 167 (Bankr. S.D. Ohio 1988); In re Van Gordon, 69 B.R. 545, 547 (Bankr. D. Mont. 1987) (the plan was found feasible because "the evidence of the Debtor is that his employment prospects after termination of his present job are good, and will provide him with the same level of income he has received in the past"). Compare In re Anderson, 21 B.R. 443 (Bankr. N.D. Ga. 1981) (unemployed debtor was unable to show he could supply regular and stable income).

Similarly, if a chapter 13 debtor is self-employed, the feasibility of her proposed plan will be based upon her earnings history (preferably demonstrated by federal tax returns), her current income and the likely stability of that income in the future. If she has no such income at the time of the confirmation hearing, the debtor has the burden to demonstrate a sufficient likelihood that adequate self-employment income is imminent.

In addition, some courts have concluded that the failure of a chapter 13 debtor to propose a plan that addresses likely future contingencies should be denied confirmation, based upon a lack of feasibility. See, e.g., In re Goodavage, 41 B.R. 742 (Bankr. E.D. Va. 1984) (failure to provide for likely medical expenses); In re Jones, 10 B.R. 128 (Bankr. E.D. Va. 1981) (confirmation is denied where the court found a budget

8

unrealistic for not including amounts for home maintenance or automobile insurance, and little for recreation or food and clothing); In re Hockaday, 3 B.R. 254 (Bankr. S.D. Cal. 1980) (confirmation is denied where the debtor only budgeted $10 for emergencies); see also In re Smith, 207 B.R. 888, 890 (B.A.P. 9th Cir. 1996) ("In cases where the debtors have very young or handicapped dependents, the absence of a budget for life insurance may call a Chapter 13 plan into question.").

Absent a showing that the chapter 13 debtor will likely have sufficient income to fund her proposed plan, confirmation will be denied. See, e.g., In re Scott, 1999 WL 644380, at *1 ("Without a credible basis to find that he could pay the $100 per month that his plan required, the plan could not be confirmed."); In re Cherry, 84 B.R. 134, 139 (Bankr. N.D. Ill. 1988); In re McGowan, 9 B.R. 329, 330 (Bankr. E.D. Pa. 1981) ("Since the debtors have offered no evidence to show that they will be able to obtain the necessary refinancing, we conclude that it does not appear that they will be able to fund the plan as proposed"); In re Gale, 8 B.R. 960, 962-63 (Bankr. D. Md. 1981) (confirmation of chapter 13 plan is denied because future plan payments were "conjectural at best."). The same result follows when the debtor seeks to modify her confirmed chapter 13 plan. See In re Binder, 224 B.R. at 488-89.

Issues of feasibility of a proposed modified plan become more pronounced when a chapter 13 debtor has failed to comply with the terms of a confirmed plan and then proposes to modify that plan with increased plan payments. If she has failed to tender the lower amount, she has an evidentiary burden to demonstrate that circumstances have materially changed so that the greater payments will likely be tendered. See In re

9

Perry, 2008 WL 185617, at *4 (Bankr. E.D. Pa. 2008). The extent of the change that must be demonstrated is related to the extent of the plan delinquency.

  Here, the debtor's plan defaults to the trustee, the mortgagee and the City of Philadelphia are extensive, and her suggested improvement in income—working part-time at a day-care center—is quite modest. She had earned $200 from this source since January 2008, and could offer no corroboration or support of greater future income.[5] As JP Morgan Chase Bank and the trustee persuasively argue, given the debtor's burden of persuasion on this point, there was insufficient evidence presented to demonstrate that the debtor's proposed fourth amended chapter 13 plan will not suffer the same fate as her third amended plan (and her prior chapter 13 case). See id., at *6-*7.

  Accordingly, as the debtor's proposed fourth amended plan cannot be approved under section 1329(b), her motion to modify post-confirmation shall be denied. In light of that denial, and as no party suggests that conversion to chapter 7 is appropriate, the better exercise of discretion is to grant the trustee's motion to dismiss under section 1307(c)(6) given the debtor's multiple plan defaults. An appropriate order will be entered.

---

[5] I appreciate that the debtor discussed her ankle injury and implied that the injury caused her post-confirmation financial difficulties. Yet, her postpetition defaults to the mortgagee first occurred in 2006, thus resulting in the August 2006 settlement agreement. She testified that the injury occurred in 2007.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                :     Chapter 13

PAMELA SCOTT-GAGE                    :

    Debtor                           :     Bankruptcy No. 05-10069bf

..................................................

ORDER

..................................................

AND NOW, this 17th day of March 2008, for the reasons stated in the accompanying memorandum, it is hereby ordered that the debtor's motion to modify her confirmed plan pursuant to 11 U.S.C. § 1329 is denied.

It is further ordered that the motion of the chapter 13 trustee to dismiss this case pursuant to 11 U.S.C. § 1307(c)(6)—due to the debtor's material defaults under the terms of her confirmed plan—is granted and this case is dismissed.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Ms. Pamela Scott-Gage
3 Linden Terrace
Philadelphia, PA 19144

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106

Andrew Spivack, Esq.
Phelan Hallinan & Schmieg, LLP
One Penn Center at Suburban Station
1617 JFK Blvd, Suite 1400
Philadelphia, PA 19103